Kimberly S. Trimble (SBN 288682)
SINGLETON SCHREIBER, LLP
450 A Street, 5th Floor
San Diego, California 92101
P: (619) 771-3473
F: (619) 255-1515
ktrimble@singletonschreiber.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO VERDIA VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OCEANSIDE;<br>COUNTY OF SAN DIEGO;<br>OFFICER GUNZEL;<br>OFFICER KALDENBACH;<br>OFFICER TED WEISE;<br>DETECTIVE OLSEN;<br>OFFICER CHRISTOPHER MORALES;<br>and UNKNOWN LAW-<br>ENFORCEMENT OFFICERS,<br><br>Defendants. | No. '22CV1060 CAB KSC<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

/ / /

/ / /

1

COMPLAINT

## INTRODUCTION

1. On June 5, 2021, Eduardo Verdia Vasquez was standing outside a Rite Aid store in Oceanside, California when law-enforcement officers jumped out of their vehicles with guns drawn.

2. Without warning, the officers grabbed Mr. Verdia Vasquez and threw him onto the ground.

3. Mr. Verdia Vasquez was then detained and arrested without probable cause, unreasonably searched, and booked into County jail.

4. The law enforcement officers involved in this incident are believed to be officers of the Oceanside Police Department ("OPD") and sheriff deputies of the San Diego County Sheriff's Department.

5. As a result of the unlawful arrest and officers' use of excessive force, Mr. Verdia Vasquez suffered general and special damages. Accordingly, Mr. Verdia Vasquez now sues the City of Oceanside, the County of San Diego, and those law enforcement personnel responsible for his injuries for recovery of damages pursuant to 42 U.S.C. § 1983 and various state laws.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff asserts causes of action arising under 42 U.S.C. § 1983 for the violation of his federal constitutional rights. The Court has supplemental jurisdiction over the corresponding state-law claims pursuant to 28 U.S.C. § 1367.

7. With respect to the state-law causes of action, Plaintiff has complied with the requirements of the California Government Claims Act. Plaintiff presented his government tort claim to City of Oceanside on December 3, 2021. City of Oceanside denied the claim on January 21, 2022. Plaintiff presented his government tort claim to County of San Diego on December 3, 2021, and the County denied the claim on February 15, 2021. *See* Cal. Gov't Code §§ 900 et seq.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as the

events giving rise to this action occurred in the City of Oceanside, California, which is located within the Southern District of California.

## PARTIES

9. Plaintiff Eduardo Verdia Vasquez is and was, at all times relevant to this pleading, an individual living in San Diego County.

10. Defendant City of Oceanside is a municipal entity duly organized under California law. The Oceanside Police Department is the City's primary law-enforcement agency.

11. Defendant County of San Diego is a governmental entity duly organized under California law. The San Diego Sheriff's Department is the County's primary law-enforcement agency.

12. On information and belief, Officer Christopher Morales is a law enforcement officer who resides in San Diego County.

13. On information and belief, Officer Gunzel is a law enforcement officer employed by OPD who resides in San Diego County.

14. On information and belief, Officer Kaldenbach is a law enforcement officer employed by OPD who resides in San Diego County.

15. On information and belief, Officer Ted Weise is a law enforcement officer employed by OPD who resides in San Diego County.

16. On information and belief, Detective Olsen is a law enforcement officer employed by OPD who resides in San Diego County.

17. Plaintiff is currently unaware of the true identities of the remaining defendants, Unknown Law-Enforcement Officers ("Unknown Officers"). These defendants were, at all times relevant to this pleading, individuals acting under color of state law, engaged in the course and scope of their work for the City of Oceanside and/or the County of San Diego. Plaintiff will seek leave to amend this pleading if/when he discovers the true identities of these defendants.

COMPLAINT

# FACTS

18. On June 5, 2021, Mr. Verdia Vasquez purchased snacks inside a Rite Aid store in Oceanside, California.

19. Mr. Verdia Vasquez walked outside the Rite Aid store and was standing there for a few minutes. He was not causing any sort of disturbance.

20. An unmarked vehicle pulled up in front of Mr. Verdia Vasquez and plain-clothed Unknown Officers jumped out of the car with guns drawn.

21. On information and belief, the Unknown Officers who jumped out of the car with guns drawn included, but were not limited to, Officer Gunzel, Officer Kaldenbach, Officer Ted Weise, and Detective Olsen.

22. At least one Unknown Officer (who may have been Officer Gunzel) grabbed Mr. Verdia Vasquez and threw him to the ground.

23. At least one Unknown Officer searched Mr. Verdia Vasquez while he was on the ground, and that Unknown Officer found a butterfly knife.

24. At least one Unknown Officer put handcuffs on Mr. Verdia Vasquez.

25. On information and belief, the Officer who arrested Mr. Verdia Vasquez was Officer Christopher Morales.

26. The Unknown Officers sat Mr. Verdia Vasquez up, and Mr. Verdia Vasquez saw more law enforcement vehicles and officers in plain clothes with badges in the Rite Aid parking lot.

27. At no point did any of the Unknown Officers tell Mr. Verdia Vasquez why he had been tackled to the ground, searched, and arrested, even after Mr. Verdia Vasquez told them that he was not on probation or parole.

28. Mr. Verdia Vasquez remained peaceful the entire time. That is, he did not engage in any violent or destructive activity, did not pose a threat of harm to anyone present, and was not resisting or fleeing arrest.

29. At some point, an Unknown Officer assumed custody of Mr. Verdia Vasquez and brought him in a law enforcement vehicle to the Vista Sheriff's Station.

COMPLAINT

30. Mr. Verdia Vasquez was then booked into the Vista Detention Facility for carrying a concealed dirk or dagger in violation of California Penal Code Section 21310.

31. Mr. Verdia Vasquez was released on his first court date. He was held in custody for twelve days.

32. During the time Mr. Verdia Vasquez was held in custody, he was held in isolation because someone else he had been with in the booking tank had tested positive for COVID. As a result, he was confined to his cell except to visit the day room only once every two days for thirty minutes at a time.

33. As an actual and proximate result of the foregoing actions and omissions by Defendants, Mr. Verdia Vasquez suffered general and specific damages, including economic harm, physical pain and harm, mental suffering, inconvenience, anxiety, humiliation, and emotional distress. Plaintiff thus seeks monetary damages to compensate for these injuries, in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 – Excessive Force

**(Against Unknown Officers and Officer Gunzel)**

34. The foregoing paragraphs are incorporated herein by this reference.

35. In using force on Mr. Verdia Vasquez on June 5, 2021, Defendants Unknown Officers and Gunzel acted under color of state law.

36. The force these Defendants used on Plaintiff—including tackling and body pressing Plaintiff without justification—was excessive under the circumstances and, therefore, a violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

37. As a direct and foreseeable result of these Defendants' use of excessive force, Plaintiff suffered the harm identified in Paragraph 33. Plaintiff thus seeks monetary damages to compensate for these injuries, in an amount to be determined at trial.

38. Plaintiff is further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

39. And because these Defendants used force against Plaintiff in reckless disregard of his Fourth Amendment rights, Plaintiff also seeks punitive damages in an amount, to be determined at trial, that will both punish their conduct and deter such conduct in the future.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Unlawful Arrest

### (Against Unknown Officers , Officer Gunzel, Officer Kaldenbach, Officer Ted Weise, Detective Olsen, and Officer Christopher Morales)

40. The foregoing paragraphs are incorporated by this reference.

41. By arresting Mr. Verdia Vasquez on June 5, 2021, Defendants acted under color of state law.

42. At the time that Mr. Verdia Vasquez was searched, there was neither probable cause to believe Mr. Verdia Vasquez had committed any criminal offense nor reasonable suspicion that he was engaged in criminal activity. Further, these Defendants did not have any other lawful reason to search him without his consent. Thus, the search was unlawful, rendering the arrest—that was based on the later discovery of the butterfly knife—a violation of the Fourth Amendment.

43. As a direct and foreseeable result of these Defendants' unlawful arrest of Plaintiff, he suffered the harm identified in Paragraph 33. Plaintiff thus seeks monetary damages to compensate for these injuries, in an amount to be determined at trial.

44. Plaintiff is further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

45. And because these Defendants made the unlawful arrest of Plaintiff in reckless disregard of his Fourth Amendment rights, Plaintiff also seeks punitive damages in an amount, to be determined at trial, that will both punish their conduct and deter such conduct in the future.

//

//

## THIRD CAUSE OF ACTION

### Cal. Civ. Code § 52.1(b) – Bane Act

### (Against City of Oceanside and County of San Diego)

46. The foregoing paragraphs are incorporated herein by this reference.

47. On June 5, 2021, the individual law enforcement officers of the Oceanside Police Department and the San Diego County Sheriff's Department interfered with Plaintiff's Fourth Amendment rights, through intentional physical intimidation and coercion, by using excessive force on Plaintiff during an unlawful arrest.

48. These officers intentionally subjected Plaintiff (and recklessly disregarded his constitutional rights by subjecting him) to a serious use of force, with zero justification for the use of *any* force, during an unlawful arrest.

49. As a direct and foreseeable result of these officers' actions, Plaintiff suffered the harm identified in Paragraph 33.

50. Moreover, because these officers were acting in the course and scope of their employment as law-enforcement officers for the Oceanside Police Department and/or the San Diego County Sheriff's Department when the foregoing conduct occurred, Defendants City of Oceanside and County of San Diego are vicariously liable for the injuries Plaintiff suffered as a result of these officers' tortious conduct. *See* Cal. Gov. Code § 815.2.

51. Plaintiff seeks monetary damages to compensate for his injuries, in an amount to be determined at trial. Plaintiff also seeks the statutory remedies set forth by sections 52 and 52.1 of the California Civil Code, including treble damages and attorney's fees.

## FOURTH CAUSE OF ACTION

### Battery

### (Against City of Oceanside and County of San Diego)

52. The foregoing paragraphs are incorporated herein by this reference.

53. On June 5, 2021, the law enforcement officers intentionally touched Plaintiff

and engaged in actions which caused Plaintiff to be touched.

54. These officers used force that was, under all relevant circumstances, unreasonable.

55. At no point did Plaintiff consent to any use of force by any officer.

56. As a direct and foreseeable result of these officers' actions, Plaintiff suffered the harm identified in Paragraph 33.

57. Because these officers were acting in the course and scope of their employment as law-enforcement officers for the Oceanside Police Department and/or the San Diego County Sheriff's Department when the foregoing conduct occurred, Defendants City of Oceanside and County of San Diego are vicariously liable for the injuries Plaintiff suffered as a result of these officers' tortious conduct.  *See* Cal. Gov. Code § 815.2.

58. Plaintiff seeks monetary damages to compensate for his injuries, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Negligence

### (Against City of Oceanside and County of San Diego)

59. The foregoing paragraphs are incorporated herein by this reference.

60. At the time of the incident giving rise to this action, the individual law enforcement officers had a duty to perform their duties as would a reasonable officer in the same situation, including a duty to be reasonable in using force, making arrests, and intervening in other officers' use of unreasonable force and unlawful arrests.

61. The individual officers breached the foregoing duties by using excessive force on Plaintiff when zero force was justified.  These officers further breached the foregoing duties when they unlawfully arrested Plaintiff.

62. As a direct and foreseeable result of these officers' actions, Plaintiff suffered the harm identified in Paragraph 33.

63. Because these officers were acting in the course and scope of their

employment as law-enforcement officers for the Oceanside Police Department and/or the San Diego County Sheriff's Department when the foregoing conduct occurred, Defendants City of Oceanside and County of San Diego are vicariously liable for the injuries Plaintiff suffered as a result of these officers' tortious conduct. *See* Cal. Gov. Code § 815.2.

64. Plaintiff seeks monetary damages to compensate for his injuries, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

65. Based on the foregoing facts and causes of action, Plaintiff seeks the following relief:

   a. judgment in favor of Plaintiff and against Defendants on all causes of action asserted herein;

   b. as to all causes of action, compensatory damages (including economic and non-economic damages), in amounts to be determined at trial;

   c. as to the § 1983 claims, punitive damages against the individual defendants (whom are sued in their individual capacities), in an amount to be determined at trial;

   d. as to the Bane Act claim, triple the amount of Plaintiff's actual damages or minimum statutory damages, whichever is greater;

   e. reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988, California Government Code section 52.1(h), California Code of Civil Procedure section 1021.5, and all other relevant statutory and case law; and

   f. any and all other relief in law or equity to which Plaintiff may be entitled and which this Court deems just and proper.

/ / /

/ / /

/ / /

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury, under the Seventh Amendment, as to each and every cause of action asserted herein.

Dated: July ___, 2022            SINGLETON SCHREIBER, LLP


By:   */s/Kimberly S. Trimble*
      Kimberly S. Trimble
      Attorneys for Plaintiff

COMPLAINT